UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SENECA NATION OF INDIANS,                )
a federally recognized Indian tribe,          )
90 Ohi:yo' Way                                       )
Salamanca, N.Y. 14779                         )
                                                              )
        Plaintiff,                                        )
                                                              )
v.                                                           )     Civil Action No. _____
                                                              )
UNITED STATES DEPARTMENT        )
OF HEALTH AND HUMAN SERVICES )
200 Independence Avenue, S.W.            )
Washington, D.C.  20201,                      )
                                                              )
        and                                                 )
                                                              )
SYLVIA BURWELL, in her official capacity  )
as Secretary,                                           )
United States Department of Health and Human  )
Services                                                   )
200 Independence Avenue, S.W.            )
Washington, D.C. 20201,                       )
                                                              )
        Defendants.                                   )
_____)

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MONEY DAMAGES

Plaintiff Seneca Nation of Indians ("Nation"), by and through undersigned counsel, brings this Complaint for Declaratory Relief and Money Damages against Defendants United States Department of Health and Human Services ("Department") and Sylvia Mathews Burwell, in her official capacity as Secretary ("Secretary") of the Department.

The Nation seeks to prevent the Secretary from cutting, in violation of express statutory and regulatory prohibitions, $3,774,392 from the annual funding base this Court previously

found to be due and payable to the Nation under its contract for the operation of a health care system.  In support of its Complaint, the Nation states as follows:

## I. PARTIES

1. The Nation is a federally recognized Indian tribe, organized and governed pursuant to a constitution originally made and adopted in convention assembled on December 4, 1848, and as amended from time to time in accordance with its provisions, with the elected Seneca Nation Tribal Council serving as the governing body of the Nation and with its headquarters located on the Nation's Allegany Territory at 90 Ohi:yo' Way, Salamanca, N.Y. 14779 and on the Nation's Cattaraugus Territory at 12837 Route 438, Irving, N.Y. 14081.

2. The Department is an executive department within the U.S. federal government whose constituent agencies and programs include the Indian Health Service ("IHS"), with the headquarters of the Department located at 200 Independence Avenue, S.W., Washington, D.C. 20201.

3. Sylvia Mathews Burwell is the Secretary of the Department and has overall responsibility for administering the Department as well as overseeing its constituent agencies and programs, including the IHS, and managing certain Indian affairs and appropriations within the IHS, including contracting on behalf of the United States with Indian tribes and tribal organizations under the Indian Self-Determination and Education Assistance Act, P.L. 93-638 as amended and codified at 25 U.S.C. §§ 450 *et seq.* ("ISDEAA") to carry out Indian health service programs, with her office located within the headquarters of the Department at 200 Independence Avenue, S.W., Washington, D.C. 20201.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution, laws, or treaties of the United States, and pursuant to 25 U.S.C. § 450m-1(a) in that this is a civil action or claim against the Secretary.

5. Venue in the District of Columbia is proper under 28 U.S.C. § 1391(e) because the Defendants in this matter are an officer and agency of the United States.

## III.  FACTS

### A.  Background of the Nation's Contract

6. Pursuant to Title I of the ISDEAA, codified at 25 U.S.C. §§ 450f-450n, the Nation and the Secretary entered into the Self Determination Contract Model Agreement entitled "Contract Between the Secretary of the Department of Health & Human Services and the Seneca Nation of Indians", Contract No. 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, dated January 1, 2000 (the "Contract").

7. The Contract is administered by the IHS Nashville Area Office ("IHS Nashville Office").

8. The Contract became effective on January 1, 2000 and, pursuant to Section 105(c)(1) of the ISDEAA, codified at 25 U.S.C. § 450j(c)(1), has an indefinite term.

9. The Contract requires the Nation and the Secretary to negotiate successive Annual Funding Agreements ("AFAs"), each of which is incorporated into the Contract, specifying the programs, services, functions, and activities to be performed or administered, the general budget category assigned, the funds to be provided, and the time and method of payment.

10. The Nation and IHS have executed a new AFA for each year since the Contract was executed.  (The Contract and the AFA for a particular fiscal year ("FY") are referred to herein collectively as the "FY ___ Agreement").

11. Pursuant to Section 106(b) of the ISDEAA, 25 U.S.C. § 450j-1(b), the amount of base funding provided to an Indian tribe under a contract shall not be reduced by the Secretary in subsequent years except pursuant to— (A) a reduction in appropriations from the previous fiscal year for the program or function to be contracted; (B) a directive in the statement of the managers accompanying a conference report on an appropriation bill or continuing resolution; (C) a tribal authorization; (D) a change in the amount of pass-through funds needed under a contract; or (E) completion of a contracted project, activity, or program.

12. Further, the ISDEAA regulations, at 25 C.F.R. § 900.32, provide that the Secretary may not decline an Indian tribe's proposed successor annual funding agreement, or portions thereof, if it is substantially the same as the prior annual funding agreement (except for funding increases included in appropriations acts or funding reductions as provided in section 106(b) of the Act [25 U.S.C. § 450j-1(b)]).

### B. The Increase in Annual Base Funding for FY 2010 and FY 2011

13. The Nation's FY 2010 Agreement provided for the transfer of a total of $11,109,520 to the Nation for its base funding of direct costs (plus $883,716 for associated indirect costs).

14. On April 29, 2011, the Nation President sent to IHS a letter ("April 29, 2011 Letter") stating that the Nation had recently discovered a substantial undercount of its active user population which had a dramatic, negative impact on the Nation's allocation of base funding under the Contract.

15. The April 29, 2011 Letter proposed an amendment to increase base funding under the Nation's FY 2010 Agreement and its FY 2011 Agreement by $3,774,392 for each year to correct for the undercount.

16. Section 102(a)(2) of the ISDEAA, codified at 25 U.S.C. § 450f(a)(2), and the implementing regulations at 25 C.F.R. §§ 900.14 – 900.19, require that any tribal proposal to amend an existing contract must, as a matter of law, be deemed approved by the Secretary if it is not lawfully declined within ninety (90) days of its receipt or within an extension of that period granted by written consent of the Indian tribe or tribal organization proposing the amendment.

17. During the ninety (90) day period following receipt of the April 29, 2011 Letter, neither the Secretary nor any other officer of the Department provided a lawful declination response to the Nation's proposed amendment to its FY 2010 and FY 2011 Agreements. The Nation did not consent to an extension of the ninety (90) day period.

18. On September 10, 2012, the Nation filed suit in this Court, challenging IHS's refusal to award the amendment and add $3,774,392 to the base funding of each of the FY 2010 and FY 2011 Agreements. *Seneca Nation of Indians v. United States Department of Health and Human Services*, Civil Action No. 12-1494 (RMC) (D.D.C.).

19. On May 23, 2013, this Court ruled that the Nation's proposed amendment to the FY 2010 and FY 2011 Agreements became effective when the Secretary failed to respond to the April 29, 2011 Letter within ninety (90) days, adding $3,774,392 to the base funding amount under Section 106(a) of the ISDEAA due the Nation for each of the FY 2010 and FY 2011 Agreements.

20. This Court's judgment became final on January 8, 2014, after the Secretary withdrew her appeal.

### C.  Annual Base Funding for FY 2012

21. Before the dispute over the funding increase for FY 2010 and FY 2011 was resolved, the Nation proposed that an identical increase of $3,774,392 be made to the FY 2012

Agreement because the FY 2010 and FY 2011 Agreements had been amended to provide this additional funding and this increase could not be reduced by the Secretary in subsequent years. By a letter dated October 31, 2011, IHS issued a final decision declining to make the Nation's proposed amendment to the FY 2012 Agreement. On November 30, 2011, the Nation appealed the IHS decision to the Interior Board of Indian Appeals ("IBIA"). This appeal was initially stayed pending the outcome of the litigation in this Court over the funding for FY 2010 and FY 2011, and it has not yet been resolved.

### D. Annual Base Funding for FY 2013 and FY 2014

22. For FY 2013, the Contract incorporates the AFA dated October 2, 2012 ("FY 2013 AFA") and Modification No. 100 to the Contract Model Agreement/Annual Funding Agreement ("Modification No. 100"). The Contract, the FY 2013 AFA, and Modification No. 100 are collectively referred to herein as the "FY 2013 Agreement."

23. For FY 2014, the Contract incorporates the AFA dated October 1, 2013 ("FY 2014 AFA") and Modification No. 109 to the Contract Model Agreement/Annual Funding Agreement ("Modification No. 109"). The Contract, the FY 2014 AFA and Modification No. 109 are collectively referred to herein as the "FY 2014 Agreement."

24. Ralph W. Ketcher, Jr., the contracting officer in this case, is the Chief Contracting Officer for the IHS Nashville Office and has those responsibilities delegated to him by the Secretary regarding contracting with Indian tribes and tribal organizations under the ISDEAA to carry out Indian health service programs, including those related to negotiating, implementing, and serving as contracting officer for Title I Self-Determination Act Contracts entered into pursuant to 25 U.S.C. § 450f.

25. By letter from the Nation's President Barry E. Snyder, Sr. to Ralph W. Ketcher, Jr., dated September 30, 2013, consistent with this Court's judgment of May 23, 2013, the Nation proposed to add $3,774,392 to the base amount asserted by IHS to be due under the FY 2013 Agreement.

26. The Nation's proposal to add $3,774,392 to the FY 2013 amount was based on the fact that the Nation's proposed amendment to its FY 2010 and FY 2011 Agreements to add $3,774,392 to the base amount had been deemed approved, by operation of law, and that Section 106(b) of the ISDEAA, 25 U.S.C. § 450j-1(b), prohibited the Secretary from reducing that amount in subsequent fiscal year agreements.

27. By letter from Ralph W. Ketcher, Jr. to Nation President Barry E. Snyder, Sr., dated November 25, 2013, the IHS issued a final decision declining the Nation's proposed amendment to add $3,774,392 to the FY 2013 Agreement, relying on the "declination ground found at 25 U.S.C. § 450f(a)(2)(D): the amounts of funds proposed under the contract is in excess of the applicable funding level for the contact as determined under section 106(a) [25 U.S.C. § 450j-1(a)] of the ISDEAA. *See also* 25 C.F.R. § 900.22(d)."

28. In its FY 2014 proposal to IHS, the Nation included an Appendix D titled "Additional Funding Request" proposing that $15,029,170 be added to its FY 2014 contract amount, an amount that included restoration of the $3,774,392 to the annual base funding amount under the FY 2014 Agreement.

29. By letter from Ralph W. Ketcher, Jr. to Nation President Barry E. Snyder, Sr., dated November 25, 2013, the IHS issued a final decision declining the Nation's proposed amendment to increase funding under the FY 2014 Agreement by $15,029,170, which declination specifically rejected the restoration of the $3,774,392, relying on the "declination

ground found at 25 U.S.C. § 450f(a)(2)(D): the amounts of funds proposed under the contract is in excess of the applicable funding level for the contact as determined under section 106(a) [25 U.S.C. § 450j-1(a)] of the ISDEAA. *See also* 25 C.F.R. § 900.22(d)." In doing so, the IHS explicitly "assume[d] that a portion of this request, namely $3,774,392.00, is in light of the District Court for the District of Columbia's decision in *Seneca Nation of Indians v. DHHS*, No. 12-1494, 2013 WL 2255208 at *9 (D.D.C. May 23, 2013)."

30. None of the conditions obtain that would authorize the Secretary to reduce in FY 2013 and FY 2014 the amount of annual base funding provided in FY 2010 and FY 2011; there has not been: (A) a reduction in appropriations from the previous fiscal year for the program or function to be contracted; (B) a directive in the statement of the managers accompanying a conference report on an appropriation bill or continuing resolution; (C) a tribal authorization; (D) a change in the amount of pass-through funds needed under a contract; or (E) completion of a contracted project, activity, or program.

## COUNT I

## DECLARATORY JUDGMENT/INJUNCTION

31. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1-30 as though fully set forth herein.

32. The Nation's funding proposals under the Contract for FY 2013 and FY 2014 may not be declined insofar as they seek to restore the $3,774,392 of additional annual funding provided for FY 2010 and FY 2011.

33. Plaintiff is entitled to a declaration that the Secretary must annually continue to provide, the $3,774,392 of additional annual base funding she provided for FY 2010 and FY 2011 unless and until a reduction is authorized pursuant to 25 U.S.C. § 450j-1(b).

34. Plaintiff is further entitled, pursuant to 25 U.S.C. § 450m-1(a), to injunctive relief reversing the declination findings made by Mr. Ketcher in his letters of November 25, 2013, and compelling Defendants to restore $3,774,392 of additional annual base funding pursuant to the Nation's AFAs for FY 2013 and FY 2014.

35. WHEREFORE, Plaintiff requests that the Court enter judgment in its favor against Defendants declaring that the Nation's funding proposals with respect to the AFAs for FY 2013 and FY 2014 cannot be declined insofar as they seek restoration of the $3,774,392 of additional annual base funding provided for FY 2010 and FY 2011, and declaring that the Secretary must continue to provide this additional annual base funding unless and until a reduction is authorized pursuant to 25 U.S.C. 450j-1(b), and enjoining Defendants to reverse the declination findings made by Mr. Ketcher in his letters of November 25, 2013.

## COUNT II

## BREACH OF CONTRACT: FY 2013 AGREEMENT

36. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1-35 as though fully set forth herein.

37. The Defendants breached their obligations under the Contract by declining to provide for FY 2013 the $3,774,392 of additional annual funding provided for FY 2010 and FY 2011.

38. Plaintiff is entitled to an award of money damages in the amount of $3,774,392 for Defendants' breach of the FY 2013 Agreement, plus interest on this award pursuant to 41 U.S.C. § 7109 as well as costs and reasonable fees and expenses.

39. WHEREFORE, Plaintiff requests that the Court enter judgment in its favor against Defendants granting an award of money damages in the amount of $3,774,392, or such

...
...

other amount as the Plaintiff proves at trial, together with interest, costs, and fees, including attorneys' fees.

## COUNT III

## BREACH OF CONTRACT: FY 2014 AGREEMENT

40. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1-39 as though fully set forth herein.

41. The Defendants breached their obligations under the Contract by declining to provide for FY 2014 the $3,774,392 of additional annual funding provided for FY 2010 and FY 2011.

42. Plaintiff is entitled to an award of money damages in the amount of $3,774,392 for Defendants' breach of the FY 2014 Agreement, plus interest on this award pursuant to 41 U.S.C. § 7109 as well as costs and reasonable fees and expenses.

43. WHEREFORE, Plaintiff requests that the Court enter judgment in its favor against Defendants granting an award of money damages in the amount of $3,774,392, or such other amount as Plaintiff proves at trial, together with interest, costs, and fees, including attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

    a.    Grant Plaintiff the relief requested in this Complaint;

    b.    Grant Plaintiff its reasonable attorneys fees incurred in preparing and bringing this action pursuant to the Indian Self-Determination and Education and Assistance Act of 1975, as amended, and the Equal Access to Justice Act; and

    c.    Grant Plaintiff such other and further relief as the Court deems just and equitable.

Dated this 29th day of August, 2014.

          Respectfully submitted,

          HOLLAND & KNIGHT LLP

          By: /s/ Steven D. Gordon
              Steven D. Gordon (D.C. Bar No. 219287)
              Philip Baker-Shenk (D.C. Bar No. 386662)
              Holland & Knight LLP
              800 17th Street, N.W.
              Suite 1100
              Washington, D.C.  20006
              Tel: (202) 955-3000
              Fax: (202) 955-5564

          *Counsel for Plaintiff Seneca Nation of Indians*